## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAIL-WAY COMPANY *v.* STATE OF ARKANSAS.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 302.   Argued March 17, 1916.—Decided April 3, 1916.

Legislation cannot be·all-comprehensive, and police statutes other-wise valid may, without being unconstitutional as denying ·equal protection of the law, contain practical groupings of objects which fairly well present a class, although there may be exceptions in which the evil aimed at is deemed by the legislature to be not so flagrant.·

The statute of Arkansas, requiring full switching crews on railroads exceeding one hundred miles in length, is not unconstitutional as depriving a railroad company over one hundred miles in length, of its property without due process of law, or as denying it equal pro-tection of the law, or as an interference with, or burden upon, in-terstate commerce. *Chicago & Rock Island Ry.* v. *Arkansas,* 219 U. S. 453.

114 Arkansas, 486, affirmed.

THE facts, which involve the constitutionality under the commerce, due process and equal protection provisions of the Constitution of the United States and of the Four-teenth Amendment thereto, of the full switching crew stat-ute of Arkansas, are stated in the opinion.

*Mr. Robert E. Wiley,* with whom *Mr. Edward J. While* and *Mr. E. B. Kinsworthy* were on the brief, for plaintiff in error:

The act of February 20, 1913, is discriminatory, and denies to plaintiff in error the equal protection of the laws, in violation of the Fourteenth Amendment: *Soon Hing* v. *Crowley,* 113 U. S. 709; *Gulf, C. & S. F. Ry.* v. *Ellis,* 165 U. S. 150; *Yick Wo* v. *Hopkins,* 118 U. S. 350–359; *South-ern R. R.* v. *Green,* 216 U. S. 400; *Conway* v. *Union Sewer Pipe Co.,* 184 U. S. 540; 1 Sutherland's Stat. Const. (2d

ed.), p. 366; *Cotting* v. *Kansas City Stock Yards*, 183 U. S. 79.

The act is arbitrary and unreasonable and repugnant to the due process clause of § 1 of the Fourteenth Amendment. *Adair* v. *United States*, 208 U. S. 161; *Mugler* v. *Kansas*, 123 U. S. 623; *C., M. & St. P. R. R.* v. *Tompkins*, 176 U. S. 167; *Mo. Pac. R. R.* v. *Nebraska*, 217 U. S. 196; *Washington* v. *Fairchild*, 224 U. S. 510; *L. & A. R. R.* v. *State*, 85 Arkansas, 12.

*Mr. Henry M. Armistead*, with whom *Mr. Ashley Cockrill, Mr. Wallace Davis, Mr. Hamilton Moses, Mr. W. D. Jackson* and *Mr. Gus K. Jones* were on the brief, for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the court.

An act of the State of Arkansas, entitled "An act for the better protection and safety of the public," provides as follows:

"Section 1.  That no railroad company or corporation owning or operating any yards or terminals in the cities within this State, where switching, pushing or transferring of cars are made across public crossings within the city limits of the cities, shall operate their switch crew or crews with less than one engineer, a fireman, a foreman and three helpers.

"Section 2.  It being the purpose of this act to require all railroad companies or corporations who operate any yards or terminals within this State who do switching, pushing or transferring of cars across public crossings within the city limits of the cities to operate said switch crew or crews with not less than one engineer, a fireman, a foreman and three helpers, but nothing in this act shall be so construed as to prevent any railroad company or cor-

poration from adding to or increasing their switch crew or crews beyond the number set out in this act.

"Section 3. The provisions of this act shall only apply to cities of the first and second class, and shall not apply to railroad companies or corporations operating railroads less than one hundred miles in length.

"Section 4. Any railroad company or corporation violating the provisions of this act shall be fined for each separate offense not less than fifty dollars, and each crew so illegally operated shall constitute a separate offense."

The railroad company violated the terms of the statute for a day in the City of Hot Springs, and being convicted thereof was sentenced to pay the minimum fine imposed by the statute. The judgment which was entered upon the sentence was affirmed by the Supreme Court of the State. This writ of error was then granted.

The railroad company contends that the statute violates (1) the due process and equality clauses of the Fourteenth Amendment of the Constitution of the United States, (2) that it operates as an interference with interstate commerce and (3) prevents a contest of its validity by the excess of its penalties. Of the last ground it may be immediately said that it is without merit.

The other grounds are in effect disposed of by prior decisions.

In the case of *Chicago, Rock Island & Pac. Ry.* v. *Arkansas*, 219 U. S. 453, a statute of Arkansas was considered which required freight trains to be equipped with crews consisting of an engineer, a foreman, a conductor, and three brakemen, "regardless of any modern equipment or automatic couplings and air brakes. . . ." The statute did not apply to railroads whose line or lines did not exceed fifty miles in length, nor to any railroad, regardless of length of its line, where the freight train should consist of less than twenty-five cars. The statute was sustained on the authority of prior cases against charges of conflict

with the Fourteenth Amendment and the commerce clause of the Constitution. We need not cite the cases relied on or repeat the argument of the court. In that case, as in this, there was controversy in the testimony and the contentions of the parties as to the necessity of the statute. It was held, however, that the controversy did not establish that the statute was an arbitrary exercise of power. *Armour & Co.* v. *North Dakota,* this day decided *ante,* p. 510.

A distinction is asserted between that case and this and it is urged that the operation of freight trains of more than twenty-five cars on the trunk lines may require different provision than the movement of switching operations within terminals. But the basis of both is safety to the public though the urgency in one may not be as great as the urgency in the other.

A more serious objection is that certain terminal companies, one at the City of Helena and one at Fort Smith, do switching for certain connecting trunk lines and yet, by reason of their length being less than one hundred miles, are not covered by the act. Indeed, it is said that one of them, that at Fort Smith, does switching over some of the same crossings that plaintiff in error does. The distinction seems arbitrary if we regard only its letter, but there may have been considerations which determined it, and the record does not show the contrary. We have recognized the impossibility of legislation being all-comprehensive and that there may be practical groupings of objects which will as a whole fairly present a class of itself, although there may be exceptions in which the evil aimed at is deemed not so flagrant. *Armour & Co.* v. *North Dakota,* *ante,* p. 510; *Miller* v. *Wilson,* 236 U. S. 373, 382, 383.

*Judgment affirmed.*