## SPROLES v. BINFORD et al. *
### No. 476.

District Court, S. D. Texas, Houston Division.
Jan. 27, 1932.

*Decree affirmed 52 S. Ct. —. .

190

Frank H. Rawlings and Swartzberg & Rawlings, all of Fort Worth, Tex., Chas. I. Francis, Weeks, Morrow, Francis & Hankerson, and Mathis & Caldwell all of Wichita Falls, Tex., Fulbright, Crooker & Freeman, of Houston, Tex., and J. B. Dudley and J. B. Barnett, both of Oklahoma City, Okl., for complainant and interveners.

James V. Allred, Atty. Gen., and T. S. Christopher and Elbert Hooper, Asst. Attys. Gen., and W. L. Cook, of Houston, Tex., and Albert Reed, of Dallas, Tex., for respondents.

Before HUTCHESON, Circuit Judge, and WEST and KENNERLY, District Judges.

KENNERLY, District Judge.

Before a court organized under Judicial Code, § 266, section 380 of title 28 USCA, this is a final hearing of this cause, in which complainant and interveners attack, and seek to enjoin the enforcement of, the act of the Texas Legislature known as House Bill 336 (chapter 282, approved June 11, 1931, General Laws, 42nd Legislature, page 507 [Vernon's Ann. P. C. Tex. art. 827a, §§ 1–15] Regulating Vehicles on Highways), claiming that it violates the equal protection and due process clauses of the Fourteenth Amendment to the Federal Constitution. At a former similar hearing on complainant's and interveners' application for interlocutory injunction, we upheld the act except in one particular and except several provisions not passed on. Ed Sproles v. T. Binford et al. (D. C.) 52 F.(2d) 730. The provisions of the act, the names and business of complainant and interveners, the grounds of attack, and the main facts shown will be found stated in the opinion filed on such former hearing, but other facts will be herein stated as may be necessary.

House Bill 336 is one of three major highway regulation measures passed by the Forty-Second Legislature of Texas. The other two measures, known as House Bills 628 and 335, have been considered by this court in a similar attack upon their validity. J. H. McLeaish & Co. v. T. Binford et al. (D. C.) 52 F.(2d) 151; J. H. Stephenson v. T. Binford et al. (D. C.) 53 F.(2d) 509.

1. Complainant and interveners renew their attack upon that portion of section 3 (a) of the act, Vernon's Ann. P. C. Tex. art. 827a, § 3 (a), which declares that the limitations as to size of certain vehicles passing over the highways shall not apply to implements of husbandry, and certain water well and highway building and maintenance machinery, etc. Since the final hearing herein, the Texas Court of Criminal Appeals (the court of last resort in criminal matters in Texas) has, in the case of Cecil Reaves v. The State of Texas (Tex. Cr. App.) —— S.W. (2d) ——,[1] construed this section contrary to complainant's and interveners' contention. Such contention may, therefore, be disposed of by referring to the Opinion in the Reaves Case and to our former Opinion herein.

2. In renewing their attack on section 7 (section 5 (b) of the act (Vernon's Ann. P. C. Tex. art. 827a, § 5 (b), and in attempting to show it to be discriminatory against them, complainant and interveners assert in their brief that: "The only interpretation which could possibly be placed upon the language contained in Section 7 is that under the conditions enumerated in said section, vehicles 55 feet in length, carrying Fourteen Thousand (14,000) pounds net load, can be used, without restriction of any kind as to the length of combinations, and each unit of the combination may carry Fourteen Thousand (14,000) pounds."

[1] Rehearing pending at date of publication.

The Texas courts have not construed section 7 (section 5 (b). Looking to the act to discover the legislative intent, we find that the measure is declared to be (section 15) for the benefit of public safety and the protection of the highways. It would be most unreasonable to suppose that the Legislature, with this purpose in mind, intended to permit regularly to pass over the highways, under the circumstances set forth in section 7 (section 5 (b), or, indeed, under any circumstances, combinations of vehicles, without limit as to number of vehicles in the combination, and/or the length of the combinations, with each vehicle in the combination carrying 14,000 pounds. We think the reasonable construction, and that intended by the Legislature, is that a combination of vehicles under such section 7 (section 5 (b) is limited to a maximum of 55 feet in length, and the load or loads to a maximum of 14,000 pounds. The other questions raised respecting section 7 (section 5 (b) are disposed of, and sufficiently discussed, in our former opinion, to which we adhere.

■ 3. Intervener Stevens, a carrier of uncompressed cotton, presses upon us that, if section 7 (section 5 (b) is held valid, and, if it is further held that, because of section 3f uncompressed cotton cannot be lawfully transported over the highways under the provisions of section 7 (section 5 (b), from point of origin to common carrier receiving station, and from common carrier unloading points to destination, etc., there would be thereby unlawful discrimination against him as a carrier of uncompressed cotton. We think his contention is fully answered by the following language in section 7 (section 5 (b): "The limitations imposed by this Act as to length of vehicle or combination of vehicles and weight of loads and of height of vehicle with load shall not apply to vehicles when used," etc.

Construing section 7 (section 5 (b) and section 3 (f) together (as we must), we think that 14,000 pounds of uncompressed cotton may be transported under the conditions set forth in section 7 (section 5 (b), notwithstanding the provisions of section 3' (f).

■ 4. Complainant and interveners complain of the provisions in section 5 (Vernon's Ann. P. C. Tex. art. 827a, § 5), limiting loads to 7,000 pounds. The right of the Legislature to regulate and limit the gross weight of vehicles, and the loads thereon, passing over the highways, is beyond question. Morris v. Duby, 274 U. S. 139, 47 S.

Ct. 548, 71 L. Ed. 967, and authorities there cited.

The Legislature saw fit to limit such gross weight of vehicle and load by limiting the load weight. This, and the limitation of such load weight to 7,000 pounds, is complained of, and we are asked to substitute our judgment as to the manner of limiting such gross weight of vehicle and load, and our judgment as to limitation of load weight, for that of the Legislature. This we may not do. In Standard Oil Co. et al. v. City of Marysville et al., 279 U. S. 583, 49 S. Ct. 430, 73 L. Ed. 859, it is said: "We need not labor the point, long settled, that, where legislative action is within the scope of the police power, fairly debatable questions as to its reasonableness, wisdom, and propriety are not for the determination of courts, but for that of the legislative body on which rests the duty and responsibility of decision. Zahn v. Board of Public Works, 274 U. S. 325, 328, 47 S. Ct. 594, 71 L. Ed. 1074; Hadacheck v. Sebastian, 239 U. S. 394, 408–412, 413, 414, 36 S. Ct. 143, 60 L. Ed. 348, Ann. Cas. 1917B, 927; Euclid v. Ambler Realty Co., 272 U. S. 365, 388, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016; Jacobson v. Massachusetts, 197 U. S. 11, 30, 25 S. Ct. 358, 49 L. Ed. 643, 3 Ann. Cas. 765; Laurel Hill Cemetery v. San Francisco, 216 U. S. 358, 365, 30 S. Ct. 301, 54 L. Ed. 515; Cusack Co. v. City of Chicago, 242 U. S. 526, 530, 37 S. Ct. 190, 61 L. Ed. 472, L. R. A. 1918A, 136, Ann. Cas. 1917C, 594; Price v. Illinois, 238 U. S. 446, 451, 35 S. Ct. 892, 59 L. Ed. 1400."

The Legislature must be presumed to have found as a fact that the limitation of the weight of the load would serve to limit the gross weight of load and vehicle, and the preponderance of the evidence before us supports this finding. The Legislature must also be presumed to have found as a fact that 7,000 pounds load weight, plus the weight of the vehicle, is the maximum load that should be allowed to pass over the highways, taking into consideration the manner of past and present road construction, planned future construction, cost of maintenance, strength of the bridges, conditions of traffic, etc. The preponderance of the evidence before us confirms this finding.

But, citing J. H. McLeaish & Co. v. T. Binford et al. (D. C.) 52 F.(2d) 151; Smith v. St. Louis & S. W. Ry. Co., 181 U. S. 248, 21 S. Ct. 603, 45 L. Ed. 847; Lochner v. New York, 198 U. S. 64, 25 S. Ct. 539, 49 L. Ed. 937, 3 Ann. Cas. 1133, and Minnesota v. Barber, 136 U. S. 313, 10 S. Ct. 862, 34 L. Ed.

455, it is also said that such weight limitation bears no reasonable relation to highway protection, and that it is arbitrary and unreasonable. The preponderance of the evidence before us is to the contrary. We think section 5 of the act must, under the law and the evidence before us, be upheld as valid.

5. Article 911a of the Texas Revised Civil Statutes and Amendments (Vernon's Ann. Civ. St. Tex. art. 911a), and article 1690a of the Texas Penal Code and Amendments (Vernon's Ann. P. C. Tex. art. 1690a), regulate motor vehicles transporting persons as passengers, for hire, and operating upon Texas highways, and Acts Tex. 41st Leg. (1929), 2nd Called Sess., c. 88, p. 172, § 1 as amended by Acts Tex. 41st Leg. (1930), 5th Called Sess., c. 23, p. 151, § 1 (Vernon's Ann. Civ. St. Tex., arts. 6675a—1 to 6675a—14) and articles 783 to 823 of such Penal Code, regulate private Motor Vehicles carrying persons. The act under discussion (House Bill 336) regulates, in some respects, vehicles carrying persons, but nowhere is the weight of either the vehicle, or the load of vehicles, carrying persons, limited by statute. Complainant and interveners point to this, and charge that, since this act limits vehicles carrying freight to a load weight of 7,000 pounds (and under the circumstances set forth in section 7 [section 5 (b)] to a load weight of 14,000 pounds), this unlawfully discriminates against them as carriers of freight. It is contended and shown that the combined weight of vehicles and load carrying persons as passengers, for hire, is greater than will be the combined weight of vehicles and load carrying freight, for hire, where the weight load is limited to 7,000 pounds, and that the damage to the highways is as great from a load of persons as a load of freight; and it is contended that the dangers to persons and property on the highways are as great from a load of persons as from a load of freight. The respondents, in answer, contend that the Legislature may lawfully make a classification of vehicles transporting freight and another of vehicles transporting persons, and fix a maximum weight load for one, and a different maximum, or none, for the other. It is shown that the number of vehicles transporting freight for hire on the highways very greatly exceeds the number of vehicles transporting persons for hire thereon, and it is also true that the average load weight of private vehicles transporting persons on the highways is much less than 7,000 pounds, and that the average weight of private vehicles transporting persons on the highways is less than the average weight of vehicles transporting freight for hire.

The intercourse between the people of the state, and between them and the people of other states, for business, educational, and social purposes, is largely dependent upon the safe, rapid, and dependable transportation of persons, and the Legislature may well have determined and decided, as they seem to have done, that the transportation of persons upon the highways should be favored over, and as against, the transportation of freight, and that, while the transportation of persons for hire and the transportation of persons in private cars should be regulated, as provided by existing law, there should be no regulation of the load weight as in the transportation of freight. The Legislature may have determined, and doubtless did, that, since the number of vehicles transporting persons for hire is so greatly less than those transporting freight for hire, the purposes of the act, i. e., highway and traffic protection, would be met by limiting only the load weight of vehicles carrying freight. That the Legislature may lawfully do this we have no doubt. J. H. McLeaish & Co. v. T. Binford et al. (D. C.) 52 F.(2d) 151, and authorities there cited; Ed Sproles v. T. Binford et al. (D. C.) 52 F.(2d) 730, and authorities there cited; Dow v. Beidelman, 125 U. S. 680, 8 S. Ct. 1028, 31 L. Ed. 841; New York, New Haven & Hartford R. Co. v. New York, 165 U. S. 628, 17 S. Ct. 418, 41 L. Ed. 853; Chicago, Rock Island & Pacific Ry. Co. v. Arkansas, 219 U. S. 453, 31 S. Ct. 275, 55 L. Ed. 290; St. Louis, Iron Mountain & Southern Ry. Co. v. Arkansas, 240 U. S. 518, 36 S. Ct. 443, 60 L. Ed. 776; St. Louis Consolidated Coal Co. v. Illinois, 185 U. S. 203, 22 S. Ct. 616, 46 L. Ed. 872; McLean v. Arkansas, 211 U. S. 539, 29 S. Ct. 206, 53 L. Ed. 315; Booth v. Indiana, 237 U. S. 391, 35 S. Ct. 617, 59 L. Ed. 1011; Miller v. Strahl, 239 U. S. 426, 36 S. Ct. 147, 60 L. Ed. 364; Watson v. Maryland, 218 U. S. 173, 30 S. Ct. 644, 54 L. Ed. 987; Engel v. O'Malley, 219 U. S. 128, 31 S. Ct. 190, 55 L. Ed. 128; Dillingham v. McLaughlin, 264 U. S. 370, 44 S. Ct. 362, 68 L. Ed. 742; Heisler v. Thomas Colliery Co., 260 U. S. 245, 43 S. Ct. 83, 67 L. Ed. 237; Carley & Hamilton, Inc., v. Snook, 281 U. S. 66, 50 S. Ct. 204, 74 L. Ed. 704, 68 A. L. R. 194; Jones v. Brim, 165 U. S. 180, 17 S. Ct. 282, 41 L. Ed. 677; Hess v. Pawloski, 274 U. S. 352, 47 S. Ct. 632, 71 L. Ed. 1091; Fifth Ave. Coach Co. v. City of New York, 221 U. S. 467, 31 S. Ct. 709, 55 L. Ed. 815.

6. In our former opinion, we held section 3 (f), Vernon's Ann. P. C. Tex. art. 827a, § 3 (f), unlawfully discriminatory against complainant and interveners. Since section 5 (Vernon's Ann. P. C. Tex. art. 827a, § 5) is held valid, it is no longer so, and the reasons for granting the interlocutory injunction against the enforcement of section 3 (f) no longer exist.

This disposes of all questions we think it necessary to discuss, and a decree will enter, dismissing complainant's and interveners' bills.