THE KANSAS CITY SOUTHERN RAILWAY COMPANY *v*. STATE.

Crim. 4029.

Opinion delivered May 24, 1937.

*Jos. R. Brown* and *James B. McDonough,* for appellant.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

BUTLER, J. November 20, 1935, the appellant, Kansas City Southern Railway Company, was charged with violating the full switch crew law (Crawford & Moses' Digest, §§ 8583-8586, inclusive) on November 19, 1935, by switching cars across public crossings in its Fort Smith yards with a crew of less than six men.

The municipal court tried the cause, and from an adverse judgment, appellant appealed. Appellant's demurrer to the information was overruled by the circuit court. Appellant declining to plead further, a fine was assessed against it and this appeal duly perfected.

The information to which appellant's demurrer was interposed is as follows:

"The said defendant, in the county and state aforesaid, on the 19th day of November, 1935, then and there being the Kansas City Southern Railway Company, a corporation, owning and operating a yard and terminal in the city of Fort Smith, where switching, pushing and transferring of cars are made across public crossings, did unlawfully switch, push and transfer railroad cars across public crossings within the city limits of Fort Smith, a city of the first class, with a crew of less than one engineer, a fireman, a foreman and three helpers."

The pertinent parts of the statute upon which the above information is based are as follows:

"Section 8583. No railroad company or corporation owning or operating any yards or terminals in the cities within this state, where switching, pushing or transferring of cars are made across public crossings within the city limits of the cities shall operate their switch crew

or crews with less than one engineer, a fireman, a foreman and three helpers.''

''Section 8584. It being the purpose of this act to require all railroad companies or corporations who operate any yards or terminals within this state who do switching, pushing or transferring of cars across public crossings within the city limits of the cities to operate said switch crew or crews with not less than one engineer, a fireman, a foreman and three helpers, but nothing in this act shall be so construed as to prevent any railroad company or corporation from adding to or increasing their switch crew or crews beyond the number set out in this act.''

''Section 8585. The provisions of this act shall only apply to cities of the first and second class and shall not apply to railroad companies or corporations operating railroads less than one hundred miles in length.''

''Section 8586. Any railroad company or corporation violating the provisions of this act shall be fined for each separate offense not less than fifty dollars, and each crew so illegally operated shall constitute a separate offense.''

In contending that the information fails to charge an offense within the meaning of the statute, appellant calls attention to the rule that a penal statute must be strictly construed and all questions of doubt resolved in favor of those from whom the penalty is sought, and contends that this rule applies to the full crew statute which is penal in its nature and in derogation of the common law. It is argued that by the act railroads are not required to maintain switch crews in cities of the first and second class. We concede the correctness of the rule contended for by appellant, and that the statute does not require switch crews in all the cities of the first and second class. The principal objection to the information, as we gather from the argument, is the failure to use the descriptive word ''switch'' before the word ''crew'' and attention is called to the wording of § 8584, *supra*, which requires railroad companies maintaining yards in cities to operate their ''switch crews'' with at least six men. Again, at-

tention is called to the provision of the statutes relating to switching across streets where such operation is to be performed by "switch crews." When the information is considered as a whole, it seems clear that the word "crew," used in the information, necessarily means a switch crew. Under the provisions of § 8584, *supra,* switch crews of not less than one engineer, a fireman, a foreman and three helpers are required only where the railroad company "operates any yards or terminals within this state who do switching, pushing or transferring cars across public crossings within city limits."

The information is drawn in the language of the statute quoted, *supra,* and the word "crew" used in it necessarily refers to "switch crew or crews" named in the section, *supra.*

In formal charges of offenses committed, it is sufficient if the state of facts set out charges a specific offense and no charge will be deemed insufficient which does not tend to prejudice the substantial rights of defendant on the merits. Sections 3013-14, Crawford & Moses' Digest, and cases there cited. We are of the opinion that the charge is sufficiently definite to have apprised the defendant of the nature of the offense of which it was accused and the failure to insert the word "switch" before the word "crew" in no wise tends to militate against this certainty.

Counsel for appellant assert that it is the State's contention, as drawn from the information, that switching crews are required in all yards of cities of the first and second class and that, accordingly, the railroad company is required to keep switch crews of at least six men in all cities of those classes through which the railroad operates. We do not so construe the allegations of the information or the contentions of counsel for the state in their argument.

The law contains no requirement for the maintenance of switch crews except in those cities where yards or terminals (as those terms are understood in railroad parlance) exist and where switching, pushing or transferring of cars across public crossings within the city

limits is done. Therefore, the argument of appellant that under the allegations of the information it would be required to maintain switch crews of at least six men in the small cities through which its lines pass is without foundation.

The information charges that the appellant owns and operates a yard and terminal in the city of Fort Smith where the transferring of cars is made across public crossings, and that such switching is done with a crew of less than an engineer, a fireman, a foreman and three helpers. The demurrer admits these allegations, and the trial court correctly adjudged the appellant guilty of the offense named in the statute. The judgment is, therefore, affirmed.