HOPE *v.* HALL, SECY. OF STATE.

5-1734                                    316 S. W. 2d 199

Opinion delivered September 29, 1958.

*Pope, Pratt & Shamburger,* for plaintiff.

*Joe C. Barrett, J. Clib Barton, Pat Mehaffy, Ned A. Stewart, Edward L. Westbrooke, Edward L. Wright,* for defendant.

Ed. F. McFaddin, Associate Justice. This is an original proceeding, brought by a citizen and taxpayer against the Secretary of State, and challenging (a) the popular name, and (b) the ballot title of proposed Initiated Act No. 1,[1] which is to be submitted to the voters at the General Election in November 1958. Our jurisdiction of this proceeding is because of Amendment No. 7 to the Constitution, which reads (§ 16) in part: "The *sufficiency* of all statewide petitions shall be decided in the first instance by the Secretary of State, subject to review by the Supreme Court of the State, which shall have original and exclusive jurisdiction of all such clauses." (Emphasis supplied). "Sufficiency" means more than a mere numerical count, because Section 18 of the Amendment says that if a petition be "insufficient", it may be returned "for correction or amendment".

I. *The Popular Name.* The complaint says *inter alia*:

---

[1] Here is the popular name, ballot title, and complete text of the proposed Act:

"Proposed Initiated Act No. 1
    (Popular Name)
"ACT TO REPEAL THE FULL CREW LAWS.
    (Ballot Title)
"A proposed act to repeal acts prescribing minimum numbers of employees to be used in the operation of trains.
    (Proposed Act)
"WHEREAS, Arkansas is one of the relatively few states which by law prescribe minimum crews on certain trains operating in the state, thus resulting in higher operating expenses to the railroads in Arkansas than in neighboring states, all to the detriment of shippers and the traveling public; and
"WHEREAS, railroads now have improved roadbeds and grades and have developed and now use equipment that can be operated with safety to the public and the employees with smaller crews than prescribed by law;
"NOW, THEREFORE, BE IT ENACTED BY THE PEOPLE OF THE STATE OF ARKANSAS:
"Section 1. That Act 116 of the General Assembly of the State of Arkansas, approved March 28, 1907, and Act 298 of the General Assembly of the State of Arkansas, approved May 31, 1909, and Act 67 of the General Assembly of the State of Arkansas, approved February 20, 1913, be and the same are hereby repealed."

"That the popular name proposed by the sponsors which defendant has stated he will place on the November General Election Ballot, to-wit: 'Act to Repeal the Full Crew Laws', is so worded and so designated for the sole purpose of prejudice since the proposed Act would not in any way repeal a 'full crew law'. Not one of the Acts proposed to be repealed is, or ever was, a 'Full Crew Law', nor does any of said acts concern or deal with a 'full crew'."

The proposed Act says it is to repeal three Legislative enactments,[2] being: (a) Act 116 of 1907 (which may be found in §§ 73-720 et seq. Ark. Stats. and captioned, "An Act prescribing the minimum number of employees to be used in the operation of freight trains in this State and providing a penalty for the violation of this Act"); (b) Act 298 of 1909 (which may be found in §§ 73-723 et seq. Ark. Stats. and captioned, "An Act prescribing the minimum number of employees to be used in the operation of passenger trains in this State and providing penalty for the violation of this Act"); and (c) Act 67 of 1913 (which may be found in §§ 73-726 et seq. Ark. Stats. and captioned, "An Act for the better protection and safety of the public"). In several of our cases (K. C. So. RR. v. State, 116 Ark. 455, 174 S. W. 223; and St. L. S. F. Ry. Co. v. State, 215 Ark. 714, 223 S. W. 2d 186), we have referred to one or the other of these Acts as, "The Full Crew Law", or the "Full Switching Crew Law". In 44 Am. Jur. 619, "Railroads"

[2] One or the other of these three Acts has been before the Courts in several cases: Act 116 of 1907 was before the Courts in the case of C.R.I. & P. Ry. Co. v. State, 86 Ark. 412, 111 S. W. 456; and the holding of this Court was affirmed by the Supreme Court of the United States in C.R.I.&P. Ry. Co. v. Arkansas, 219 U. S. 453, 55 L. Ed. 219, ___ S. Ct.___. Act 67 of 1913 was held valid by this Court in St. L.I.M. & So. Ry. v. State, 114 Ark. 486, 170 S. W. 580; and the holding of this Court was affirmed by the Supreme Court of the United States in St. L.I.M. & So. Ry. v. Arkansas, 240 U. S. 518, 60 L. Ed. 776, 36 S. Ct. 443. Both the 1907 Act and the 1913 Act were held valid in the case of Mo. Pac. v. Norwood, 283 U. S. 249, 75 L. Ed. 1010, 51 S. Ct. 458. Other cases involving these Acts are K.C. So. Ry. Co. v. State, 116 Ark. 455, 174 S. W. 223; K.C. So. v. State, 194 Ark. 80, 106 S. W. 2d 163; Mo. Pac. RR. Co. v. Moore, 210 Ark. 643, 197 S. W. 2d 284; K.C. So. Ry. Co. v. State, 213 Ark. 906, 214 S. W. 2d 79; and St. L.S.F. Ry. Co. v. State, 215 Ark. 714, 223 S. W. 2d 186.

§ 405, similar statutes are referred to as "full crew acts" in this language:

"Statutes, commonly known as 'full crew acts', requiring crews of a certain number of employees on railroad locomotives or trains, have been generally sustained as a legitimate exercise of the police power."

Anyone familiar with legal parlance could not possibly be misled by the popular name of this proposed Act, which is, "An Act to Repeal the Full Crew Laws". Furthermore, one not familiar with legal parlance, but with ordinary English, could easily find a definition of the words "full crew law" in Webster's Unabridged Dictionary, where the words "full crew law" are defined: *"Railroads.* A law requiring light trains to be manned on the same standard as heavy trains." So, we conclude that the popular name here challenged is not open to any of the objections urged against it by the plaintiff.

III. *The Ballot Title.* The ballot title here challenged reads: "A proposed act to repeal acts prescribing minimum numbers of employees to be used in the operation of trains." The plaintiff states, *inter alia*:

"That the ballot title as proposed by the sponsors and approved by the defendant is misleading, camouflaged by partisan coloring, inadequate to show the full meaning covered by said Act; fails to fairly allege the purpose of the Act, and is written in such a way that the material facts proposed therein are omitted to the extent that the electors will not and cannot determine the issues involved on which they are requested to cast their vote. The ballot title is completely misleading and fails to state the true nature and effect of the Act. The ballot title fails to designate the only vital provisions of the initiated act, to-wit: the acts sought to be repealed which are set forth in Section 1 of the Act . . . The use of the words in the ballot title, 'minimum number of employees', is wholly meaningless."

We have a number of cases which state the rules regarding the validity and sufficiency of the ballot title.

Some of these cases are *Westbrook* v. *McDonald,* 184 Ark. 740, 43 S. W. 2d 356, 44 S. W. 2d 331; *Shepard* v. *McDonald,* 189 Ark. 29, 70 S. W. 2d 566; *Walton* v. *Mc-Donald,* 192 Ark. 1155, 97 S. W. 2d 81; *Newton* v. *Hall,* 196 Ark. 929, 120 S. W. 2d 364; *Hogan* v. *Hall,* 198 Ark. 681, 130 S. W. 2d 716; *Sturdy* v. *Hall,* 204 Ark. 785, 164 S. W. 2d 884; and *Bradley* v. *Hall,* 220 Ark. 925, 251 S. W. 2d 470. This general statement, from *Westbrook* v. *Mc-Donald,* 184 Ark. 740, 43 S. W. 2d 356, 44 S. W. 2d 331, has been restated in many cases:

"The ballot title should be complete enough to convey an intelligible idea, of the scope and import of the proposed law, and it ought to be free from any misleading tendency, whether of amplification, of omission, or a fallacy, and it must contain no partisan coloring."

Each of the three Legislative enactments here sought to be repealed deals with the minimum number of employees required to be used in the operation of trains, and the purpose of the proposed Initiated Act here challenged is to repeal these Acts. The ballot title certainly and clearly states that purpose. We have studied all of the arguments advanced by the plaintiff and we conclude that the ballot title is valid as against each and all of the attacks here made on it.

Therefore, we deny the petition of the plaintiff.